UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

- - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | FELONY INFORMATION |
| - v. - | : | 08 Cr. |
| DENNIS PILOTTI | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - X

**COUNT ONE**
(Tax Evasion)

The United States Attorney Charges:

**Background**

1. At all times relevant to this Information, DENNIS PILOTTI, the defendant, was a resident of North White Plains, which is located in Westchester County, New York.

2. Pilotti, Cunzio and Associates, LLP ("PCA") and its successor firm, Pilotti and Company, PLLP ("P&C") were Certified Public Accounting firms located in Valhalla and Armonk, New York. DENNIS PILOTTI was a partner of both PCA and P&C.

3. East Coast Athletic Club, Inc., ("East Coast") and Peak Health Club, Inc. ("Peak") were corporations owned by DENNIS PILOTTI'S wife and son. Peak and East Coast owned a health club facility on Long Island, New York.

4. 3-D Marine Corp., ("3-D") and Worldwide Industries, Inc., ("Worldwide") were shell corporations; that is, they carried out no business, had no employees or offices, and were used to receive and conceal money DENNIS PILOTTI diverted from PCA and P&C.

## The Tax Evasion Scheme

5. Beginning in or about 2001 and continuing through in or about 2004, DENNIS PILOTTI, the defendant, engaged in a scheme to evade and defeat a substantial part of the income taxes due and owing by him to the United States of America for the calendar years 2001 through 2004 by various means, including, among others:

a. Fraudulently classifying business receipts of PCA and P&C as loans and falsely inflating his capital account to offset the payment by PCA and P&C of hundreds of thousands of dollars of PILOTTI'S personal expenses;

b. Diverting business receipts of PCA and P&C to nominee accounts held in the name of 3-D and Worldwide and using those funds to pay PILOTTI's personal expenses;

c. Diverting funds from Peak and East Coast to PCA, P& C, 3-D, and Worldwide to off-set his loan and capital accounts for PCA and P&C;

d. Causing false documentation to be submitted to the IRS, including false U.S. Corporation and Partnership Income Tax Returns, Forms 1120 and 1065, and U.S. Individual Income Tax Returns, Forms 1040.

6. During the tax years set forth below, DENNIS PILOTTI, the defendant, received the following amounts of unreported taxable income as a result of his scheme:

| YEAR | AMOUNT |
|---|---|
| 2001 | $161,512 |
| 2002 | $652,188 |
| 2003 | $292,515 |
| 2004 | $120,069 |

DENNIS PILOTTI failed to report this income on the U.S. Individual Income Tax Returns, Forms 1040, he filed with the IRS for those tax years.

**Statutory Allegations**

7. From on or about January 1 of each of the calendar years set out below, through on or about October 15, of the year following each said calendar year, in the Southern District of New York and elsewhere, DENNIS PILOTTI, the defendant, unlawfully, wilfully, and knowingly, did attempt to evade and defeat a substantial part of the income tax due and owing by him to the United States of America for each of the said calendar years by various means, including, among other things, by preparing and causing to be prepared, by signing and causing to be signed, and by filing and causing to be filed with the Internal Revenue Service, (1) false and fraudulent United States Individual Income Tax Returns, Forms 1040, for the calendar years 2001 through 2004 for himself and his wife; and (2) filing false U.S. Corporation and Partnership Income Tax Returns, Forms 1120 and 1065, for PCA, P&C, 3-D, Worldwide, Peak and East Coast, that falsely and fraudulently permitted DENNIS PILOTTI, the defendant, to falsely state that his

taxable income was in the amounts set forth below, and that the amount of tax due and owing thereon was in the amounts set forth below, whereas, as DENNIS PILOTTI, the defendant, then and there well knew and believed, the correct taxable income and correct tax due and owing for the calendar years 2001 through 2004 was substantially in excess of the amounts reported, as set forth below:

| CALENDAR YEAR | REPORTED TAXABLE INCOME | TAX PAID | CORRECTED TAXABLE INCOME | ADDITIONAL TAX DUE AND OWING |
|---|---|---|---|---|
| 2001 | $27,851 | $4,181 | $189,363 | $59,718 |
| 2002 | $42,666 | $6,188 | $694,854 | $254,732 |
| 2003 | ($99,388) | -0- | $193,127 | $44,249 |
| 2004 | ($69,735) | -0- | $50,344 | $6,834 |

(Title 26, United States Code, Section 7201.)

**COUNT TWO**

(False Statements to a Financial Institution)

8. The allegations contained in paragraphs one through six of this Information are repeated and realleged as though fully set forth herein.

9. At all times relevant to this Information Merrill Lynch Business Financial Services, Inc. was a wholly owned subsidiary of Merrill Lynch Bank, USA, a lending institution whose deposits were FDIC insured ("Merrill Lynch").

10. In or about July through September 2002, the defendant, DENNIS PILOTTI, submitted on behalf of East Coast and its principals, a loan application and accompanying financial information to Merrill Lynch in connection with East Coast's request to borrow approximately $5,125,000.

11. In connection with the loan application, the defendant submitted and caused to be submitted false statements including the submission of false U.S. Individual and Corporation Income Tax Returns for his wife, his son, East Coast and Peak, which falsely overstated the income of those individuals and entities.

**Statutory Allegations**

12. From in or about July 2002 through in or about September 2002, in the Southern District of New York and elsewhere, DENNIS PILOTTI, the defendant, unlawfully, willfully and knowingly did make and cause to be made false statements and reports for the purpose of influencing the action of Merrill Lynch, an institution the

deposits of which were then insured by the FDIC, upon an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment of loan, and any change and extension of the same, by renewal, deferment of action and otherwise, and the acceptance, release and substitution of security therefor, to wit, in connection with an application for a $5,125,000 loan, DENNIS PILOTTI caused false statements to be made relating to the income of the borrowers and caused false tax returns to be submitted to Merrill Lynch which had never been filed with the IRS and which falsely reflected the income of the borrowers.

(Title 18, United States Code, Sections 1014 and 2.)

MICHAEL J. GARCIA
United States Attorney